# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cr-30022-SMY-2 |
| ALEX MOLINA, | ) | |
| Defendant. | ) | |

# ORDER

**YANDLE, District Judge:**

Defendant Alex Molina was sentenced on May 14, 2020 to 135 months' imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Count 1) and Possession with Intent to Distribute Methamphetamine (Count 2) (Docs. 164, 166).

Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim Freter entered her appearance on Molina's behalf in order to determine his eligibility for a sentence reduction (Doc. 296). FPD Freter has now moved to withdraw, asserting that Molina is ineligible for a sentence reduction under Amendment 821 (Doc. 301). Molina has not responded.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Molina's criminal history category at sentencing was III. He received 2 status points for a total criminal history score of 6. Under Amendment 821, the reduction of Molina's criminal history points from 6 to 4 does not change his criminal history category of III and thus does not reduce his guideline range. Accordingly, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 301) is **GRANTED** and any Amendment 821 sentence reduction is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

**STACI M. YANDLE**
**United States District Judge**